IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

VS.                              CASE NO. 4:05CV01859 JMM
                                           4:04CR00155 JMM
DENNIS CHAD FASON

ORDER

Pending before the Court is petitioner's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

On July 7, 2004, petitioner, who was represented by counsel, entered into a plea agreement with the United States Government, whereby the petitioner waived indictment and pleaded guilty to an information which charged him with wire fraud in violation of 18 U.S.C § 1343.

On December 21, 2004, the Court entered an Order of Judgment and Commitment sentencing petitioner to 21 months imprisonment, three years of supervised release, $34,356.55 in restitution, and a $100.00 special assessment.   During the sentencing, the Court stated "I will sentence at the low end of the guideline range.  I will recommend that [petitioner] be placed in the boot camp program, which I think will give him additional time - he can earn credit for the time if he's willing to participate in that program.  But I think considering the amount of the loss, the type of people that were victims to the offense require me to sentence at least at the low end of the guideline range . . .." Ex. 1 to *Memorandum of Law in Support of Petition*.   Petitioner did not file a direct appeal.

1

In July, 2005, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he contended that the Bureau of Prison's decision to terminate the "Boot Camp" Program violated the "notice and comment requirements [of] the Administrative Procedures Act [and] violated the Ex Post Facto Clause of the United States Constitution." *Fason v. Sanders*, No. 2:05CV00171, *Memorandum Opinion and Order* (November 3, 2005).

Petitioner requested that he either be transferred to the "Boot Camp" Program or, in the alternative, for the Bureau of Prison to afford him similar relief that was offered by such program. He also sought CCC placement without regard to the Bureau of Prison's rule of only considering prisoners for CCC for the last 10 percent of their sentence. *Id.*

On November 3, 2005, Magistrate Judge H. David Young[1] entered judgment which granted in part and denied in part petitioner's § 2241 petition. *Id.* Magistrate Judge Young ordered the Bureau of Prison (1) to consider transferring petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account prior to the adoption of the Office of Legal Council's December of 2002 memorandum opinion and (2) to place petitioner in conditions that would afford him a reasonable opportunity to adjust to, and prepare for, his re-entry into the community during a reasonable part of the last ten percent of his imprisonment, to the extent practicable, not to exceed six months.

The Court denied petitioner's claim that the Bureau's decision to terminate the "Boot Camp" Program violated the Administrative Procedures Act and the United States Constitution. In denying these claims, Magistrate Judge Young expressed concerns as to whether petitioner's

---

[1]On November 12, 2005, petitioner consented to jurisdiction by a United States Magistrate Judge.

due process rights had been violated because the sentencing judge relied upon false information in imposing sentence, e.g., the non-availability of the "Boot Camp" program. *Id.* Magistrate Judge Young stated that the question of whether petitioner's participation in the "Boot Camp" program was a material part of the District Court Judge's sentence was a question that could only be addressed by this Court in the context of a 28 U.S.C. § 2255 petition.[2] *Id.*

On December 12, 2005, petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside and correct his sentence. Petitioner subsequently filed a motion for appointment of counsel which was granted. On March 10, 2006, petitioner's counsel filed an amended § 2255 motion contending that petitioners' sentence was imposed in violation of his constitutional due process rights because it was based upon the mistaken belief by the sentencing judge that the "Boot Camp" was an available option.

Petitioner gave notice on January 13, 2006, that he had been transferred to the City of Faith Halfway House where he would serve the remainder of his sentence. The petitioner's projected release date is July 12, 2006.

"A due process violation is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence." *United States v. Carr*, 66 F.3d 981 (8th Cir. 1995) (*per curiam*).

There is nothing in this record which demonstrates that the availability, or non-availability, of a "Boot Camp" program contributed to the Court's decision regarding petitioner's sentence. The Court specifically stated that petitioner's sentence was based upon "the amount

---

[2] A prisoner may attack the execution of his sentence by means of a 28 U.S.C. § 2241 petition while a 28 U.S.C. § 2255 petition challenges the validity of the prisoner's conviction and sentence.

of the loss, [and] the type of people that were victims to the offense." Ex.1 to *Memorandum of Law*.

As stated in the sentencing transcript, it was this Court's intent to sentence the petitioner to the low end of the sentencing range and it was not prepared to depart from that range. *Id.* The availability of the "Boot Camp" was simply an option that the petitioner could take advantage of "if he was willing to cooperate." *Id.* Petitioner has failed to show that any false information regarding the "Boot Camp" was the basis for his sentence.

The petition is denied (#17 and #24).

IT IS SO ORDERED THIS  21  day of March, 2006.

James M. Moody
United States District Judge